IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIE EDD WILSON, #130911, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:15-CV-727-MHT |
| ) | [WO] |
| ) | |
| DOTHAN CITY JAIL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Willie Edd Wilson ("Wilson"), an indigent inmate. In the complaint, Wilson alleges that he has been denied adequate medical treatment while incarcerated in the Dothan City Jail.

Upon review of the complaint, the court concludes that the plaintiff's claims lodged against the Dothan City Jail are subject to summary dismissal pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) as a city jail is not a legal entity subject to suit or liability under section 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).[1] In light of the foregoing, the plaintiff's claims against the Dothan City Jail are due to be dismissed as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *Id*.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

---

[1] The court granted Wilson leave to proceed *in forma pauperis*. *Order of October 5, 2015 - Doc. No. 3*. A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's claim if it determines that the is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

    1.  The claims against the Dothan City Jail be dismissed with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(I).

    2.  The Dothan City Jail be dismissed as a defendant in this cause of action.

    3.  This case, with respect to the plaintiff's claims against defendant McCory, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **October 19, 2015**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Done this 5th day of October, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE