IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIE EDD WILSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CASE NO. 1:15-CV-727-MHT |
| MAMIE McCORY et al., | ) ) ) |
| Defendants. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Willie Edd Wilson ("Wilson"), an indigent individual, in which he challenges the constitutionality of medical treatment provided to him for various injuries and conditions suffered during a prior term of incarceration in the Dothan City Jail.

Pursuant to the orders of this court, the defendants filed a written report supported by relevant evidentiary materials, including affidavits and medical records, in which they addressed the claims for relief presented by Wilson. The report and evidentiary materials refuted the conclusory allegations presented by Wilson. The defendants assert, and the documented evidence indicates, that the defendants did not act with deliberate indifference to Wilson's medical needs.

In light of the foregoing, the court issued an order directing Wilson to file a response to the defendants' written report. Doc. 31. The order advised Wilson that his failure to respond to the report would be treated by the court "**as an abandonment of the claims set forth in the**

1

**complaint and as a failure to prosecute this action**." Doc. 31 at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. Doc. 31 at 1.  The time allotted Wilson for filing a response in compliance with the directives of this order expired on January 25, 2016. Doc. 31.  As of the present date, Wilson has failed to file a requisite response in opposition to the defendants' written report.  The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate.  After such review, the court determines that dismissal of this case is the proper course of action.  Wilson is an indigent individual and thus the imposition of monetary or other punitive sanctions against him would be ineffectual.  Additionally, Wilson's inaction in the face of the defendants' report and evidence suggests a loss of interest in the continued prosecution of this case.  Finally, the undisputed evidentiary materials submitted by the defendants, including but not limited to voluminous medical records from free-world medical personnel, indicate that no violation of the Constitution occurred.  It therefore appears that any additional effort by this court to secure Wilson's compliance would be unavailing.  Consequently, the court concludes that the plaintiff's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, dismissal for failure to obey a court order is not an abuse of discretion where a litigant has been forewarned); *Tanner v. Neal,* 232 Fed. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action

for his failure to comply with court's prior order directing amendment and warning of consequences for failure to comply).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

It is further ORDERED that on or before February 22, 2016 the plaintiff may file objections to the Recommendation. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the plaintiff to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 8th day of February, 2016.

                                          /s/ Gray M. Borden
                               UNITED STATES MAGISTRATE JUDGE

4